UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20009-CV-UNGARO
MAGISTRATE JUDGE REID

LUIS TAMAYO, ROLANDO GUERRA,
JORGE MALAGON, and all others similarly
situated,

    Plaintiffs,

v.

SOCIAL SECURITY ADMINISTRATION,
MARIE A. SLOAN, and CHIEF COUNSEL
IV REGIONAL OFFICE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

    This matter is before the Court on Plaintiffs' *pro se* Complaint. [ECF No. 1]. This cause has been referred to the Undersigned for a ruling on all pre-trial, non-dispositive matters and for report and recommendation on any dispositive matters pursuant to 28 U.S.C. § 636. [ECF No. 2].

    To briefly summarize, Plaintiffs Luis Tamayo, Rolando Guerra, and Jorge Malagon allege that they were legally admitted to the United States, but later were ordered removed from the United States because they committed aggravated felonies, and as a result are being denied certain government benefits that they claim they are entitled to. [ECF No. 1 at 1-2]. Plaintiffs seek to bring this case as a class action suit on behalf of themselves as individuals, as well as on behalf of all others similarly situated. [*Id.*]. In terms of relief, Plaintiffs seek a declaratory judgment or a writ of mandamus requiring that Defendants follow their rules and regulations and provide Plaintiffs the benefits they claim they are entitled to. [*Id.*].

However, before the Court may proceed further with this case, the Complaint must be screened pursuant to 28 U.S.C. § 1915, because Plaintiffs are seeking to bring this case *in forma pauperis*, without the prepayment of the filing fee. [ECF No. 3]. Upon such screening, the Undersigned **RECOMMENDS** that Plaintiffs' Complaint [ECF No. 1] be **DISMISSED**, as further discussed below.

## II.     Discussion

As a threshold matter, Plaintiff Luis Tamayo filed a Motion for Leave to Proceed *in forma pauperis*, alleging that he is unable to pay the costs of these proceedings and is entitled to proceed without the prepayment of fees pursuant to 28 U.S.C. § 1915. [ECF No. 3]. A review of the Motion suggests that Plaintiff Tamayo may be financially entitled to proceed *in forma pauperis* due to his financial circumstances, however, because the Complaint should not be allowed to go forward as pleaded, the motion should be denied.

First, Plaintiffs cannot bring a *pro se* class action. Claims on behalf of others and class action claims must be filed by counsel. *See, e.g., Ferentinos v. Kissimmee Util. Auth.*, 604 F. App'x 808, 810 (11th Cir. 2015) (*per curiam*). Furthermore, to bring a class action, Fed. R. Civ. P. 23(a) requires, among other things, that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The purpose of this rule is to "protect the legal rights of absent class members" because all members of the class are bound by the outcome of the class action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000) (internal quotations omitted). However, *pro se* litigants cannot serve as adequate class representative because they are unable to protect the interests of the class. *See, e.g., Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations omitted). This is supported by the fact that Plaintiffs do not even plead the four prerequisites of a class action,

as required by Fed. R. Civ. P. 23(a), which is Plaintiffs' burden to satisfy. *See London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003) (citation omitted). As such, Plaintiffs' Complaint fails to state a class action claim upon which relief can be granted and § 1915(e)(2)(B) requires the Court to dismiss it. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (*per curiam*).

Relatedly, to the extent that *pro se* Plaintiff Tamayo seeks to litigate this case as legal representative for or on behalf of Plaintiffs Guerra, Malagon, and the proposed class members, this is also improper, and Plaintiff Tamayo may not do so. First, Fed. R. Civ. P. 11(a) requires that all pleadings either be signed by an attorney, or the party personally if they are proceeding without an attorney. As such, because Plaintiff Tamayo is not an attorney, he can only sign for himself, and cannot sign pleadings for any other person in this case. To allow him to do so would potentially run afoul of Florida law, which prohibits the unlicensed practice of law by non-attorneys. *See* Fla. Stat. § 454.23. In addition, while 28 U.S.C. § 1654 authorizes a person to proceed *pro se* in federal court, it does not allow for a *pro se* litigant to represent the interests of others. *See Timson v. Samson*, 518 F.3d 870, 873-74 (11th Cir. 2008) (the right to proceed *pro se* in federal court under § 1654 is "a personal right that does not extend to the representation of the interests of others.").

Finally, a cursory review of the Complaint indicates that additional factual and legal allegations are needed to properly state a claim upon which relief can be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). For example, Plaintiffs allege that the Social Security Administration ("SSA") is acting arbitrarily and capriciously by denying them certain benefits, but do not describe or provide any details about their claims before the SSA, whether they even filed SSA claims, and if they did, why the SSA decision was arbitrary or capricious. Without more, evaluation of Plaintiffs' allegations are

impossible. Next, Plaintiffs allege that the SSA is improperly construing "a clear statutory statement" by requiring them to provide Employment Authorization Documents as opposed to an I-290B form, but they do not even provide the statutory statement that was allegedly not followed. Without this, it is impossible to evaluate Plaintiffs' claims. These are just two examples, but there are many more problems with Plaintiffs' pleading.

Accordingly, the Complaint cannot proceed until Plaintiffs cure the above noted deficiencies. *See Wright*, 740 F. App'x at 649. Thus, this case should be dismissed without prejudice and Plaintiffs should be given leave to file new individual cases. If Plaintiffs do seek to proceed *in forma pauperis* in the future, it is recommended that they use the "Long Form" Application to Proceed in District Court Without Prepaying Fees or Costs, AO Form 239, which can be found at: https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or. Any new cases are still subject to the applicable statute of limitations.

### III.   Recommendations

Based on the above, it is **RECOMMENDED** that the Motion for Leave to Proceed *in forma pauperis* [ECF No. 3] be **DENIED** and that Plaintiffs' Complaint [ECF No. 1] be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 7th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  **Luis Tamayo**
6175 W 20 Ave., #308
Hialeah, FL 33012
*PRO SE*

**Rolando Guerra**
5365 W 14th Ave.
Hialeah, FL 33012
*PRO SE*

**Jorge Malagon**
10501 NW 28th Ct.
Miami, FL 33147
*PRO SE*